UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER KOSNICKI,<br><br>Defendant. | CASE NO: 2:23-CR-0003-TOR<br><br>ORDER DENYING MOTION TO DISMISS COUNT ONE |

BEFORE THE COURT is Defendant's Motion to Dismiss Count One. ECF No. 73. The motion was submitted for hearing without oral argument. The Court has reviewed the record and the files herein, the completed briefing, and is fully informed.

On April 4, 2023, Defendant was charged in a Superseding Indictment with two crimes; Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8); and Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). ECF No. 40. Defendant has now filed a motion to dismiss count 1, the felon in possession of a firearm charge.

ORDER DENYING MOTION TO DISMISS COUNT ONE ~ 1

Defendant contends that in 2022, "the Supreme Court rewrote the framework for analyzing Second Amendment challenges. It rejected the test lower courts had used to analyze firearm regulations, replacing it with a two-step approach where courts must examine whether a challenged law 'is consistent with the Nation's historical tradition of firearm regulation.' *N.Y.S. Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2130 (2022)." ECF No 73 at 4-5. Defendant brings an as-applied Second Amendment challenge to § 922(g)(1), requesting the Court dismiss Count One of the Superseding Indictment.

The United States opposes Defendant's motion and contends that nothing in *N.Y.S. Rifle & Pistol Ass'n v. Bruen* warrants dismissal of Count One.

## DISCUSSION

Rule 12(b)(1) of the Federal Rules of Criminal Procedure allows for a challenge to the indictment by a pretrial motion that the "court can determine without a trial on the merits." Rule 12 permits pretrial resolution of a motion to dismiss the indictment only when "trial of facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969). Because the relevant facts are not in dispute, this issue may be resolved as a matter of law through a pretrial motion.

ORDER DENYING MOTION TO DISMISS COUNT ONE ~ 2

Defendant's as-applied Second Amendment challenge to § 922(g)(1) is based on two reasons. First, Defendant contends that he remains part of "the people" protected by the Second Amendment despite his prior felony conviction. ECF No. 73 at 5. He argues that felons retain their rights as part of "the people" under the other Bill of Rights provisions using that term of art, they remain part of "the people" under the Second Amendment as well. *Id*. Second, Defendant contends the government cannot carry its burden under *Bruen*'s second step to show that § 922(g)(1) is "consistent with the Nation's historical tradition of firearm regulation." *Id*.

Defendant has quoted and misinterpreted the Supreme Court's opinions without citing to all the relevant language used. First, in *Bruen* the Supreme Court granted certiorari to decide whether New York's denial of petitioners' license applications violated the Constitution. *Bruen*, 142 S. Ct. at 2125. Petitioners in *Bruen* are "law abiding, adult citizens of Rensselaer County, New York . . ." *Id*. at 2124-25. In the Supreme Court's opinion, the Court repeatedly said that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun. *Id*. at 2122, 2131, 2133, 2134, and 2138 (to name a few). Defendant overlooks this critical language used by the Supreme Court. *Bruen* also reaffirmed its holding that "like most rights, the right secured by the Second Amendment is not unlimited." *Bruen*, 142 S. Ct. at 2128 (citing *District of*

ORDER DENYING MOTION TO DISMISS COUNT ONE ~ 3

*Columbia v. Heller*, 554 U.S. 550, 626 (2008)). In *Heller*, the Supreme Court said "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings . . ." *Heller*, 554 U.S. at 626.

Thus, Defendant's argument that he remains part of "the people" under the Second Amendment has plainly been rejected by the Supreme Court as he is a convicted felon that can no longer possess a firearm.

Defendant's second argument suffers from similar infirmities as the first. Defendant has ignored critical language used by the Supreme Court. Felons and the mentally ill cannot possess firearms. The Supreme Court addressed this issue in *Heller* and which was reaffirmed and cited to in *Bruen*;

> There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms. Of course the right was not unlimited, just as the First Amendment's right of free speech was not, *see, e.g.*, *United States v. Williams*, 553 U.S. 285, 128 S. Ct. 1830, 170 L.Ed.2d 650 (2008). Thus, we do not read the Second Amendment to protect the right of citizens to carry arms for *any sort* of confrontation, just as we do not read the First Amendment to protect the right of citizens to speak for *any purpose*.

*Heller*, 554 U.S. at 595. In *Heller*, the Supreme Court affirmed the constitutionality of "longstanding prohibitions on the possession of firearms by

ORDER DENYING MOTION TO DISMISS COUNT ONE ~ 4

felons" and others. 554 U.S. at 626–27. The Supreme Court did not hold otherwise in *Bruen*, but rather invoked *Heller* in stating the Second Amendment protects the rights of "law-abiding, responsible citizens" to carry arms. *Bruen*, 142 S. Ct. at 2138 n.9. Moreover, the Ninth Circuit in *Vongxay* relied on *Heller*'s statements that "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful." *United States v. Vongxay*, 594 F.3d 1111, 1115, 1118 9th Cir. 2010).

To the extent a historical analysis is warranted, for hundreds of years the disaffected and dangerous could not possess firearms. Controlling Ninth Circuit and Supreme Court precedent directs this conclusion.

**THEREFORE, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Count One, ECF No. 73, is **DENIED**.

2. The hearing on this motion is cancelled.

The District Court Executive is directed to enter this order and provide copies to counsel.

DATED November 28, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO DISMISS COUNT ONE ~ 5